UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>CY IRVING BROWN,<br><br>Movant. | No. 2:11-cr-0212 WBS KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Movant, through counsel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner claims his sentence was unlawfully increased by 36 months based on his prior conviction for infliction of corporal injury. Movant contends such prior conviction is no longer considered a "crime of violence" under Johnson v. United States, 135 S. Ct. 2551 (2015.) Respondent opposes the motion; movant filed a reply. As discussed below, the undersigned recommends that the motion be denied.

I. Statement of Facts

On May 12, 2011, a grand jury returned an indictment charging movant with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), two counts of drug possession with intent to distribute, and criminal forfeiture. (ECF No. 1.)

On January 7, 2013, movant pled guilty to one count of being a felon in possession of a firearm. (ECF No. 57.) On March 25, 2013, movant was sentenced to a term of 77 months in

federal prison. (ECF No. 61.) The district court adopted the finding of the presentence investigation report ("PSR") that movant sustained a prior felony conviction in 2003 for a crime of violence: California Penal Code § 273.5 (willful infliction of corporal injury on a spouse or cohabitant), which increased movant's base offense level to 20 under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(3). Offense characteristics and adjustments raised movant's total offense level to 21. Movant's criminal history category was VI; thus, his sentencing guidelines range was 77-96 months.

Movant did not appeal or file any other post-conviction motions.

## II. Legal Framework

### A. 28 U.S.C. § 2255

Movant seeks to vacate his sentence pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. 2255(a). Thus, "[u]nder 28 U.S.C. § 2255, a federal court may vacate, set aside, or correct a federal prisoner's sentence if the sentence was imposed in violation of the Constitution or laws of the United States." United States v. Withers, 638 F.3d 1055, 1062 (9th Cir. 2011).

### B. Johnson, Welch, and Beckles

Under the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." Johnson v. United States, 135 S. Ct. 2551, 2556–57, 2563 (2015).

In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." Johnson, 135 S. Ct. at 2557, 2563. "Two features of the residual clause conspire to make it unconstitutionally vague." Id. at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." Id. Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." Johnson, 135 S. Ct. at 2558.

Subsequently, the Supreme Court held that its decision in Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). "By striking down the residual clause for vagueness, Johnson changed the substantive reach of the [ACCA], altering the 'range of conduct or the class of persons that the [Act] punishes." Id. at 1265 (quoting Schriro v. Summerlin, 542 U.S. 348, 353 (2004)). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255. See, e.g., United States v. Heflin, 195 F. Supp. 3d 1134 (E.D. Cal. 2016).

However, following the parties' briefing, the Supreme Court held that Johnson does not apply to challenges based upon the Guidelines, because the Guidelines "merely guide the district court's discretion" and because "[t]he advisory Guidelines . . . do not implicate the twin concerns underlying vagueness doctrine -- providing notice and preventing arbitrary enforcement."

Beckles v. United States, 137 S. Ct. 886, 874 (2017).  Therefore, notwithstanding the fact that the Guidelines formerly contained a residual clause virtually identical to what Johnson held to be unconstitutionally vague, the Guidelines may not form the foundation of a vagueness challenge under § 2255.  See United States v. Bacon, 691 F. App'x 491 (2017).

III. Discussion

      A.  Vagueness Challenge

Here, petitioner challenges his sentence on the basis that the calculation of his offense level pursuant to the Guidelines incorporated the same definition of a "crime of violence" that the Supreme Court determined was unconstitutionally vague in the context of the ACCA in Johnson.[1] Specifically, he contends that his sentence must be vacated because his California Penal Code § 273.5 conviction no longer qualifies as a "crime of violence" after Johnson, and therefore, that his base offense level should have been 14 because he was a prohibited person, rather than 20. (ECF No. 63 at 3, citing see U.S.S.G. § 2K2.1(a)(4)(A).)  Adding the same offense adjustments and criminal history, movant's total offense level would have been 15, and his guideline range sentence would have been 41-51 months.

The basis of the instant motion turns "upon the argument that the [Johnson] holding -- that the ACCA's residual clause is unconstitutionally vague -- applies equally to the Guidelines." See United States v. Brown, 2017 WL 2021525, at *3 (E.D. Cal. May 12, 2017).  However, in Beckles, the Supreme Court resolved this argument against movant, holding that the Guidelines are not subject to vagueness challenges.  Beckles, 137 S. Ct. at 874.  See also United States v. Chatman, 727 F. App'x 336, 337 (9th Cir. 2018) (Chatman conceded Beckles foreclosed argument that California conviction for inflicting corporal injury on a spouse or cohabitant is no longer a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(3)).  Therefore, because movant's vagueness challenge has been foreclosed by the Supreme Court, the undersigned finds that

---

[1] At the time of petitioner's sentencing, the Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a)(2) (2015).

4

movant's sentence was properly imposed, and the § 2255 motion should be denied.[2]

B. Elements Challenge

Movant also argues that "[p]rior Ninth Circuit case law labeling Cal. Penal Code § 273.5 a crime of violence is no longer valid after Johnson because its reasoning incorporates the risk language of the now-void residual clause." (ECF No. 63 at 7.) Movant contends that "because California Penal Code § 273.5 does not include the requisite elements of intending to use 'violent force,' it exceeds the scope of the definition of crime of violence under the 'force clause' of § 4B1.2." (ECF No. 29 at 26.) Movant argues that rather than focusing on the elements of the offense, "the Ninth Circuit has borrowed the 'realistic probability' test from [Gonzales v.] Duenas-Alvarez, 549 U.S. [183,] 193 (2007) to hold that § 273.[5] is categorically a crime of violence under the force clause of U.S.S.G. § 2L1.2 even though it does not include an element of violent force." (ECF No. 69 at 23.)

Despite petitioner's arguments, and as argued by respondent, the Ninth Circuit has consistently held that California Penal Code § 273.5 is a categorical crime of violence under the force clause. United States v. Ayala-Nicanor, 659 F.3d 744, 748-52 (9th Cir. 2011); United States v. Laurico Yeno, 590 F.3d 818, 822-23 (9th Cir. 2010) ("we hold that because California Penal Code § 273.5 requires the intentional use of physical force against the person of another it is a 'crime of violence' under the illegal reentry guideline U.S.S.G. § 2L1.2.").[3] Specifically, in Laurico-Yeno, the Ninth Circuit found that "[s]ection 273.5 does not penalize minimal, non-violent touchings. It penalizes the intentional use of force that results in traumatic condition."

---

[2] Given these findings, the undersigned need not consider the government's procedural default argument. See Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (noting courts have discretion to "proceed to the merits if the result will be the same").

[3] Moreover, both Laurico-Yeno and Ayala-Nicanor analyze the "force clause" and not the residual clause invalidated by Johnson; thus, their holdings are not undermined by Johnson. See United States v. Grant, 692 F. App'x 930, 931 (9th Cir. 2017) (California Penal Code § 273.5 is a categorical crime of violence even after Johnson). The Ninth Circuit explained that in Laurico-Yeno, the court "held that a conviction under California Penal Code § 273.5 is a categorical crime of violence under the force clause of the definition of "crime of violence" in U.S.S.G. § 2L1.2, which is identical to the force clause in the definition of "crime of violence" in U.S.S.G. § 4B1.2." Grant, 692 F. App'x at 931, citing Johnson, 135 S. Ct. at 2563 (striking down the residual clause in the definition of "violent felony" under the Armed Career Criminal Act, but declining to call into question the remainder of the definition, including the force clause).

Laurico-Yeno, 590 F.3d at 822. Further, the text of California Penal Code § 273.5 "does not apply to conduct outside the term 'crime of violence' as defined in the Guidelines. To the contrary, it fits squarely within the term by requiring the deliberate use of force that injures another." Laurico-Yeno, 590 F.3d at 822. The Ninth Circuit repeated such holding in Ayala-Nicanor, noting that no California cases support the idea that California Penal Code § 273.5 has been used to punish the non-violent use of force, even after the Supreme Court clarified in Johnson that the "force clause" requires the use of "violent physical force." Ayala-Nicanor, 659 F.3d at 752 (citing Johnson, 559 U.S. at 141).

Therefore, the undersigned finds that California Penal Code § 273.5 is categorically a "crime of violence" for purposes of the sentencing enhancement imposed, and the § 2255 motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 63) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-1417 WBS.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 15, 2018

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brow0212.257.acca